Clarence MERRILL *v.* STATE of Arkansas

CR 82-95            640 S.W.2d 787

Supreme Court of Arkansas
Opinion delivered October 11, 1982
[Rehearing denied November 15, 1982.]

*Jeff Duty,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Earlier this year Merrill pleaded guilty to a felony charge, the sale of marihuana, and was sentenced to 7 years' imprisonment. By a petition under Criminal Procedure Rule 37 he seeks to have the sentence reduced, on the ground that a 1979 amendment to the Drug Abuse Control Act had the effect of reducing the offense to a misdemeanor, with a maximum punishment of a $1,000 fine. This appeal from the trial court's denial of the petition comes to us under Rule 29 (1) (e).

For reversal it is argued that the 1979 amendment impliedly repealed that section of a different statute, the Controlled Substances Act, making the illegal sale of drugs a felony, and alternatively that if there was no implied repeal there is a denial of equal protection, because the same conduct may be punished either as a felony or as a misdemeanor. We discuss the two arguments together, because their common fallacy stems from a failure to recognize the existence of two separate statutory schemes, one governing the *illegal* sale of drugs and the other their *legal* sale.

The Controlled Substances Act is Chapter 26 of Title 82 of the Arkansas Statutes. It defines the various controlled drugs, Section 82-2605, and makes their illegal manufacture, delivery, or possession a felony. § 82-2617. The Drug Abuse Control Act is Chapter 21 of Title 82. It governs the legal sale of drugs by requiring manufacturers and wholesalers to obtain a permit from the State Board of Health, to sell only to licensed persons such as physicians, hospitals, and pharmacies, and to keep records of all their transactions, so that the traffic in legal drugs is constantly subject to inspection and supervision.

The Drug Abuse Control Act originally had its own enumeration of what were called depressant or stimulant drugs, but by the act now relied upon by the appellant the legislature substituted for that enumeration the list of drugs scheduled in the Controlled Substances Act. Act 751 of 1979, § 3; Ark. Stat. Ann. § 82-2113 (c) (Supp. 1981). In carrying out that substitution Section 6 of Act 751 amended the penalty provision in the Drug Abuse Control Act to make it a

misdemeanor for any person, firm, or corporation to sell a controlled substance (instead of a depressant or stimulant drug) *without a permit.* § 82-2116 (Supp. 1981).

We think it too plain for argument that the legislature, by amending the statute governing the legal sale of drugs, did not intend to repeal an unrelated section of a different statute prohibiting the illegal sale of drugs. Indeed, since there is no way to obtain a permit for the illegal sale of drugs, the inapplicability of the amendment to this case is apparent on its face. Nor is there a denial of equal protection. The legislature could reasonably find that the severe penalty appropriate to efforts to control the illegal sale of drugs to addicts is not necessary in the control of businesses and professions that sell and use drugs legally for the treatment of patients. Thus the classification is not arbitrary.

Affirmed.